**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **REDDY VIJAY ANNAPPAREDDY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:18-cv-03012-JFA** |
| **MAURA LATING,** *et al.*, | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**THE UNITED STATES OF AMERICA'S DISCOVERY STATUS REPORT**</u>

The United States of America, by its undersigned counsel, submits this Status Report pursuant to the Court's July 7, 2020 Order.

**I.      FACTUAL BACKGROUND**

On October 18, 2019, the Court issued its Scheduling Order.  The parties conducted a 26(f) conference over two phone calls in November and December 2019.  During the December call, the United States raised the topic of email custodians and search terms. Plaintiff's counsel responded that they would wait to produce their discovery requests before proposing custodians and search terms.  On January 7, 2020, Plaintiff served eight requests for production of documents ("RFPs") on the United States.  *See* Plaintiff's Document Requests, attached as Exhibit A.  On February 4, 2020, the United States served its own interrogatories and requests for production.  On February 6th, the United States provided a "Discovery Universe Summary" that contained an outline of all of the potential sources of discovery, including both physical objects, paper documents, and electronically stored information.  *See* Feb. 6, 2020 Discovery Universe, attached as Exhibit B.  The outline included proposed email custodians and a section to add search terms

for all electronic sources of information.  *Id.*  On February 11th, Plaintiff provided a list of 77

custodians.  *See* Pl.'s Preliminary List of Custodians, attached as Exhibit C.

The United States provided its written response to Plaintiff's document requests on March

3rd.  The United States agreed to produce a significant amount of material but also lodged several

objections.  For example, Plaintiff's Request No. 6 sought:

> ***All documents addressed to or included in any file or group of materials related
> to the Criminal Case***, including but not limited to: all memoranda and reports
> related to any interview of any witness, any claim that a Pharmacare Entity
> submitted for a prescription, any federal or state law or regulation related to the
> Criminal Case, or any effort to destroy, prevent the destruction of, or preserve any
> document related to the Criminal Case; all audio recordings of any conversation
> related to a Pharmacare Entity (including but not limited to any conversation that
> involved Dennis Tokofsky, Lisa Ridolfi, or any other person within the definition
> of Pharmacare Entity); all video recordings of any event related to a Pharmacare
> Entity (including but not limited to the execution of search warrants at six locations
> on July 25, 2013); all claims data for a Pharmacare Entity and related documents,
> including but not limited to any analyses, calculations, invoice reviews, notes, or
> communications related to any such claim; and all emails, text messages, or other
> documents related to any of the foregoing.

Ex. A at 12 (emphasis added).  This Request sought the United States' entire discovery universe.

The United States lodged several objections, including objections to proportionality and burden.

*See* USA Resp. to Req. for Prod., attached as Exhibit D.  In the March 3rd email that attached the

United States' discovery responses, the United States also objected to Plaintiff's 77 proposed

custodians, stating "we have significant objections to your discovery requests, and those objections

are applicable to your proposed custodian list.  I think if we can resolve our objections on the

document requests then that should substantially influence the discussion as to custodians."  *See*

March 3, 2020 Email at 1, attached as Exhibit E.  Plaintiff did not respond to this communication.

Three months later, on June 4th, the parties held a conference call to discuss Plaintiff's

response to the United States' February 4th discovery requests.  During that call, Plaintiff — for

the first time — raised issues with the United States' objections to Plaintiff's discovery requests.

The United States asked Plaintiff's counsel to provide their concerns in writing, which they did on June 19th. *See* June 19, 2010 Letter, attached as Exhibit F. In this letter, Plaintiff's counsel alleged deficiencies with the United States' response to three of Plaintiff's document requests. Plaintiff's counsel specifically demanded that all documents responsive to Request No. 6, which sought the United States entire discovery universe, be produced in two weeks. *Id.* at 1–2. The letter further stated that "we will address other issues related to the RFPs in future correspondence." *Id.* at 3.

Also in Plaintiff's June 19th letter, Plaintiff provided a revised custodian list of 33 custodians — 44 less than their original proposal. For the first time, Plaintiff also included search terms. *Id.* at 4–8. Plaintiff attached a list of 10 pages of search terms and search phrases. *Id.* at 9–17. Plaintiff further demanded that the United States apply the 10 pages of search terms to the 33 custodians and produce all documents responsive to that search within one month. *Id.* at 2.

The United States responded that it would supplement its production in response to Request Nos. 1 (related to the Lating Affidavit) and 7 (related to the MEDIC analyses) but the United States otherwise stood by its objections. *See* July 3, 2020 Letter, attached as Exhibit G. The United States also provided an updated Discovery Universe Summary. *See* July 2020 Discovery Universe Summary, attached as Exhibit H. The United States did not provide a name-by-name rebuttal to the custodian list but noted that of the 33 custodians, only 6 were identified in the 110-page Amended Complaint. The United States added that 6 to 10 email custodians should be sufficient. *See* Ex. G. The United States did not provide a term-by-term rebuttal of the Plaintiff's 10 pages of search terms but stated that the number of terms was burdensome and disproportionate. *See id.*

## II.   CURRENT STATUS OF THE GOVERNMENT'S PRODUCTION

The United States agreed to produce the entire electronic investigative file possessed by the FBI, HHS OIG, and DCIS, subject to privilege. The electronic investigative file consists of all

of the evidence gathered during the criminal investigation. The United States also agreed to provide access to all of the physical evidence possessed by the United States. The United States has completed its production of the HHS OIG and the DCIS investigative files.

As to the FBI, the FBI's Discovery Processing Unit ("DPU") is responsible for producing documents responsive to all civil litigation, Freedom of Information Act requests, and congressional requests nationwide. Prior to the coronavirus pandemic, the DPU produced more than 7,000 pages of documents. The DPU shut down in March due to the coronavirus, which ended the United States' ability to produce any documents from the FBI. The DPU has now resumed operations, but it has a significant backlog from the shutdown and is prioritizing matters that have firm deadlines. During a recent call, the FBI advised that the DPU is also bracing for another reduction in operations due to the resurgence of the coronavirus.

The United States expects to supplement its production responsive to Request Nos. 1 and 7 from documents possessed by the U.S. Attorney's Office by September 1st.

### III.     PENDING DISCOVERY ISSUES

#### A.   **Plaintiff's document requests are broad, burdensome, and disproportionate.**

Many of the disputes discussed herein stem from Plaintiff's discovery requests, which are broad, burdensome, and disproportionate. Request No. 6 sought the entire discovery universe. *See* Ex. A at 12. Request No. 3, which is two sentences but is one-and-a-half pages long, seeks all communications between the United States and "any actual or potential defendant in the Criminal Case . . . any witness or other person who claimed to know or possess . . . information related to the criminal case . . . or any attorney or other person representing" any potential defendant or person claiming to have knowledge of the criminal case. *Id.* at 9–10. Request No. 1 seeks:

> ***All documents related to the Lating Affidavit*** (the "affidavit") that were in your
> possession, custody, or control by a date no later than July 23, 2013, including

(without limitation) all drafts of the affidavit; all other documents related to preparing the affidavit (including but not limited to drafting, editing, or reviewing the affidavit); any law, regulation, guidance, or industry standard related to a statement in the affidavit (including, without limitation, any federal or state law, regulation, or guidance or any industry standard related to automatic refills of prescriptions or the number of days within which a retail or specialty pharmacy should or must reverse a claim for an undelivered prescription); any invoice review or other analysis of data related to a Pharmacare Entity (including but not limited to the invoice review referred to as "MEDIC 1495"); all documents related to any federal or state government program that helped HIV patients obtain prescription medications (including but not limited to MADAP or D.C. ADAP); all interview reports, memoranda, or other documents related to any person who provided any information supporting or purporting to support a statement in the affidavit (including but not limited to any documents related to any such person's credibility, reliability, or financial motive); all documents related to the factual basis for or the accuracy of any statement in the affidavit, any information omitted from the affidavit and why it was omitted, or the person(s) who decided what information to include in the affidavit and what information to omit from the affidavit; and all documents related to the reason(s) why the affidavit was submitted on July 23, 2013 (rather than on a later date) even though the investigation of matters related to the Criminal Case remained ongoing.

Ex. A at 8–9 (emphasis added).  The United States objected to portions of this Request, but agreed to produce every document cited in the Affidavit, drafts of the Affidavit, and the United States agreed to use custodians and search terms to look for email correspondence related to the Affidavit.  *See generally*, Exhibit G.

In a July 16th letter, Plaintiff stated that it was insufficient to produce documents related to the Lating Affidavit because the Request "requires the United States to produce the full universe of relevant information that the United States possessed as of July 23, 2013."  *See* July 16, 2020 Letter, attached as Exhibit I.  This is a new definition of Request No. 1, as it extends beyond the Request's language that responsive materials be "related to the Lating Affidavit."  A request that is as long as Request No. 1 allows for competing definitions, or in this case, shifting definitions of the scope of the request.

Further complicating these issues is that Plaintiff's discovery requests were crammed into only eight document requests. Not only did this lead to convoluted requests, but it also distorts the proportionality analysis. As the Court considers the amount of discovery that is proportional to the needs of the case, the Court must consider that Plaintiff has not used 75% of his allotted document requests.

### B.  Plaintiff is not pursuing discovery disputes in a timely manner consistent with the Rules.

Under Local Rule 104.8, Plaintiff was required to serve, but not file, a motion to compel on the United States within 30 days of the United States' response, or by April 3, 2010. The Court stated during a recent status conference that the coronavirus would provide justification for extending relevant deadlines, and the United States has not used the deadline to refuse to provide discovery or engage in discussions about discovery disputes. Plaintiff's counsel, however, stated during the status conference that they are not under any obligation to move to compel because the United States' production is ongoing.

The United States' production does not prevent the Plaintiff from raising disputes with respect to the United States' objections, and Plaintiff's refusal to pursue a motion to compel has resulted in disputes being litigated through letters but with no prospect of resolution. Additionally, as recently as the July 16th letter, Plaintiff's counsel asserted that they are still not done raising issues with the United States' discovery responses. *See* Ex. I at 1 ("[w]e will be sending an additional letter regarding our other requests soon.") The parties cannot resolve discovery disputes and the United States cannot comprehensively respond to Plaintiff's discovery requests when Plaintiff has no deadline to raise discovery disputes or pursue a motion to compel.

Although the United States is in the unique position of inviting a motion to compel, the United States would prefer the clarity provided by the motion. That clarity would help to avoid

discovery disputes in the future and would streamline the e-discovery issues discussed below. The United States is requesting the Court to order Plaintiff to serve a motion to compel consistent with Local Rule 104.8 for any outstanding discovery disputes within 30 days of the Court's order.

### C.  Plaintiff's e-discovery requests have been untimely and unreasonable.

Plaintiff made two e-discovery proposals to implement his discovery requests. The first request was for 77 email custodians but did not include search terms. Plaintiff's second proposal, which came eight months into discovery, was for 33 emails custodian and approximately 450 search terms and search phrases. *See generally*, Ex. F. While the United States did not provide a name-by-name rebuttal to the proposal, the United States did note that of the 33 custodians, only 6 were named in the 110-page Amended Complaint. Ex. G at 3. The United States countered that, given the number of federal actors identified in the Amended Complaint, 6 to 10 email custodians would be sufficient and proportional. *Id.* The United States did not, and could not, provide a rebuttal to Plaintiff's 10 pages of search terms.

The United States is requesting that the Court order that Plaintiff is limited to 10 email custodians and 10 search terms to be used on the 10 email custodians and the other electronic sources of information identified in the United States' Discovery Universe Summary.[1] The Court should further order appropriate date ranges for the email searches.[2] The search terms and could be tailored to the specific custodian or source being searched. The United States would further

---

[1] In addition to the email custodians, the United States has a Relativity database with more than 200,000 documents, and the United States has the ability to search network drives at each government agency and two cell phones (Lating & Mosley).

[2] Emails near the time that this lawsuit was filed, or later, are not likely to include responsive information and are very likely to include attorney-client privileged communications. The federal actors all have outside counsel and those communications cannot be seen by undersigned counsel. The email searches should include a date range that corresponds to the allegations in the Amended Complaint.

agree to expanding the search terms or custodians for good cause if, for example, there are clear gaps in the search results.

## IV.    REQUEST FOR RELIEF

The United States requests that the Court ORDER Plaintiff to: (1) serve a motion to compel consistent with Local Rule 104.8 as to any outstanding discovery disputes within 30 days of the Court's order; and (2) limit their requested e-discovery requests to 10 e-mail custodians and 10 search terms to be applied to the 10 email custodians and the additional electronic sources of information, with an appropriate date range.

Respectfully submitted,
Robert K. Hur
United States Attorney

*/s/*
Molissa H. Farber, No. 802255
Matthew P. Phelps, No. 17933
Assistant U.S. Attorneys
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this motion by filing it with the Court's CM/ECF system, which automatically transmits a copy to all registered participants.

_____/s/_____
Matthew P. Phelps