IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| REDDY VIJAY ANNAPPAREDDY,<br><br>                    Plaintiff,<br><br>v.<br><br>MAURA LATING, *et. al.*,<br><br>                    Defendants | Case No. 1:18-cv-03012-JFA |

**UNOPPOSED MOTION OF PLAINTIFF REDDY VIJAY ANNAPPAREDDY TO EXTEND FACT DISCOVERY CUTOFF DUE TO RECENTLY REVEALED MATERIALS FROM DOJ'S OFFICE OF PROFESSIONAL RESPONSIBILITY**

*With Defendants' consent*, Plaintiff Reddy Vijay Annappareddy respectfully requests that the Court extend the fact discovery cutoff by two months. The parties agree that this extension is warranted by recent developments regarding materials that the U.S. Department of Justice's Office of Professional Responsibility ("OPR") has possessed for years (the "OPR Materials"). The U.S. government's counsel did not disclose the existence of these materials until June 1, 2022; did not produce what seem to be the bulk of them until this week; and it has provided evolving information about them – most recently yesterday afternoon.[1]

As Mr. Annappareddy's counsel informed the Court in a letter filed ten days ago, on June 1, 2022, the U.S. government's counsel newly disclosed that that OPR conducted an investigation

---

[1] This motion is titled "unopposed" for two reasons. First, while Defendants' counsel consent to the relief requested, they did not review or approve this motion before it was filed. Second, a stark disagreement exists about whether the U.S. government should have produced the OPR Materials in response to the requests for documents that Mr. Annappareddy served in January 2020. (*See* ECF No. 212, Letter at 1; Ex. A, Email from Greenberg to U.S. Gov't Counsel, June 1, 2022, 4:35 PM (attaching Mr. Annappareddy's third set of requests for production of documents to the United States ("3d RFPs").)

of some of the allegations of government misconduct in the Criminal Case. (*See* ECF No. 212 at 1.) On the same date, the U.S. government's counsel also newly disclosed that OPR's investigation included interviewing a number of witnesses and writing a report on OPR's findings. (*See id.*) Mr. Annappareddy's counsel asked that the U.S. government produce all of the OPR Materials as soon as possible. "[A]fter insisting that Mr. Annappareddy's counsel serve new requests for production that specifically mention OPR (which they did hours later), the U.S. government's counsel agreed to promptly produce [the OPR Materials]." (*Id.* at 1.)

The sole document produced on June 1, 2022 (a letter dated September 1, **2017** that Catherine Schuster Pascale sent to OPR in response to OPR's inquiries, without any of the letter's exhibits) is enormously important standing alone. Among other things, Ms. Pascale places blame on MEDIC's team of experts and on a specific U.S. government employee for various issues concerning the false "loss" calculations in the Criminal Case. One of these issues goes to the heart of why those calculations double-counted numerous claims by failing to eliminate duplicates. As Judge Russell found in the Criminal Case, the "loss" calculations were the most significant evidence against Mr. Annappareddy. This Court has agreed: "The basis of the criminal charges brought against him focused on a detailed analysis of the pharmacies' inventory and billing practices." (ECF No. 206, Scheduling Order, at 4 (entered Feb. 24, 2022).)

By all indications, however, Ms. Pascale's letter to OPR dated September 1, 2017 is the proverbial tip of the iceberg. Over a week after producing that letter, the U.S. government produced OPR's report on its investigation and its findings (which is over 150 pages long) and the exhibits to that report (which make up hundreds more pages). (Ex. B, Eiser Email to Greenberg, June 9, 2022, 4:14 PM (attaching responses to 3d RFPs and stating that OPR's report and its exhibits were being sent separately "due to Google's size limitations").)

Three days ago, the U.S. government produced over 1,600 pages of additional OPR Materials. That production includes items that are likely to be critically important for taking fact depositions of the U.S. government employees whose wrongful acts and omissions underlie Mr. Annappareddy's FTCA claims: DCIS SA James Ryan, DHHS-OIG SA Robert Mosley, and former FBI SA Maura Lating. Examples of such items are ***the transcripts of OPR's recorded interviews of SA Ryan and SA Mosley***. (Ex. C, Email from Eiser, June 14, 2022, 11:27 AM (attaching file titled "OPR Production Index").) Other examples include the "***transcripts***" of OPR's "***detailed depositions*** of Sandra Wilkinson, Catherine Pascale, ***and Maura Lating***" and recorded interviews of ***ten other persons*** that "have been sent to a Court Reporter for transcription" but are not expected to be available in transcribed form "***before July 12***." (*Id.* (emphases added).)

Yesterday afternoon, counsel for the U.S. government produced an "updated" index of the OPR Materials and newly disclosed that it was withholding certain materials (evidently including phone records) based on purported concerns about grand jury secrecy. (Ex. D, Email from Eiser, June 16, 2022, 2:39 PM.)

This Court's seven factors for modifying the Scheduling Order (ECF No. 207 at 3) support the requested extension. *First*, June 20, 2022 is the current deadline for completing fact discovery. That is less than three weeks after the U.S. government's counsel revealed the existence of the OPR materials, is only six days after they produced what appear to be the bulk of those materials, and is ***several weeks before July 12*** – by when the transcripts of ten witnesses' recorded interviews are expected to be available. *Second*, this deadline was previously extended twice: initially due to the pendency of the appeals to the Fourth Circuit and, more recently, due to different document production issues that (as here) occurred despite the diligent and persistent efforts of Mr. Annappareddy's counsel. *Third*, the number of additional days requested and the proposed new

3

deadline are 60 days and August 19, 2022, respectively. *Fourth*, modifying the fact discovery cutoff as requested should not materially affect the progress of this case as a whole or other deadlines. The existing Scheduling Order makes October 17, 2022 the deadline for completing expert discovery. Mr. Annappareddy's counsel will make their initial expert disclosures by the current deadline (June 20, 2022) and do not believe that the requested extension of fact discovery will delay the completion of expert discovery. Moreover, and more importantly, "the parties do not believe that an extension of the fact discovery cutoff will materially delay any trial of Mr. Annappareddy's claims." (ECF No. 212, Letter at 1.) *Fifth*, the reasons for the requested extension – the revelations about and productions of the OPR Materials – are sufficiently compelling that Defendants' counsel quickly consented to the extension without suggesting a different timeframe. *Sixth*, Mr. Annappareddy has pursued discovery diligently to the extent possible. To date, he has taken the following depositions: former MFCU Investigator Laurie Gutberlet on April 20, 2022; Defendant Pam Arnold on May 3, 2022; MFCU Chief of Investigations James W. Hagin, Jr. on May 25, 2022; and former OAG Assistant Attorney General Jeremy Dykes on June 3, 2022.[2] *Seventh*, and finally, Defendants' counsel consent to the requested 60-day extension of the fact discovery cutoff. (Ex. C, Email from Eiser, July 14, 2022, 11:27 AM ("The United States consent to a 2 month extension of the discovery deadlines."); Ex. E, Email from Shiff, July 14, 2022, 11:29 ("On behalf of Pam Arnold, I consent to a two month extension of the fact discovery cutoff so that Plaintiff may complete the depositions that Plaintiff has sought but not taken.").)

---

[2] Mr. Annappareddy's counsel took Mr. Dykes's deposition two days after the U.S. government's counsel disclosed the existence of the OPR Materials, based on those counsel's representation that OPR never communicated with Mr. Dykes. In contrast, Mr. Annappareddy's counsel deemed it necessary to postpone the depositions of SA Ryan (which had been scheduled for June 6), former SA Lating (June 14), and SA Mosley (June 16) because OPR interviewed each of them and the relevant materials had not been produced.

For the foregoing reasons, the Court should grant this unopposed motion and enter the accompanying proposed order.

June 17, 2022                                           Respectfully submitted,

                                                    /s/ Joshua D. Greenberg
Stuart M. Paynter (*pro hac vice*)                      Joshua D. Greenberg (Bar No. 18168)
Jennifer M. Murray (*pro hac vice*)                     The Josh Greenberg Law Firm
The Paynter Law Firm PLLC                               1717 K Street, NW, Suite 900
1200 G Street NW, Suite 800                             Washington, DC  20006
Washington, DC  20005                                   (202) 422-0809
(202) 626-4486                                          josh@joshgreenberglawfirm.com
stuart@paynterlaw.com
jmurray@paynterlaw.com

Celeste Boyd (*pro hac vice*)
Sara Willingham (*pro hac vice*)
The Paynter Law Firm PLLC
106 S. Churton Street, Suite 200
Hillsborough, NC  27278
(919) 307-9991
cboyd@paynterlaw.com
swillingham@paynterlaw.com

*Attorneys for Plaintiff Reddy Vijay Annappareddy*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2022, a true and accurate copy of the foregoing document and any attachments thereto was served via email on all counsel of record.

                                                    /s/ Joshua D. Greenberg
                                                    Joshua D. Greenberg