IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| Reddy Vijay Annappareddy,<br><br>                Plaintiff,<br><br>vs.<br><br>Maura Lating, *et al.*,<br><br>                Defendants. | C/A No. 1:18-cv-03012-JFA<br><br><br>**ORDER** |

This matter is currently before the Court on the United States of America's (the "Government") motion for a protective order. (ECF No. 221). Within its motion, the Government seeks to quash the deposition subpoena issued to Assistant U.S. Attorney John Dominguez. Having been fully briefed, this matter is ripe for review.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Annappareddy was the owner of a chain of pharmacies known as Pharmacare in Maryland and nearby states when he was prosecuted for Medicaid fraud. A district court ultimately dismissed the criminal charges against him, finding that the government had used flawed analyses of the pharmacies' inventory and billing practices to convict Annappareddy at trial, and then destroyed relevant evidence while a motion for retrial was pending.

After the case against him was dismissed, Annappareddy filed a wide-ranging complaint in this court, seeking compensatory and punitive damages from multiple defendants. According to Annappareddy, state and federal investigators and prosecutors,

working together, violated his rights under the federal Constitution and Maryland law, fabricating evidence against him and then destroying exculpatory evidence when it seemed their malfeasance might come to light. Within the claims remaining in this action, Annappareddy seeks relief against an individual state officer, Pam Arnold, under § 1983 and Maryland state law, and against the United States under the Federal Tort Claims Act.

Venkata Srinivas Mannava ("Mannava") worked as a pharmacist at a Pharmacare location in Washington, D.C. On February 26, 2014, the U.S. Attorney's Office for the District of Columbia charged Mannava by Information with Conspiracy to Obtain Controlled Substances by Prescription Fraud and Conspiracy to Commit Health Care Fraud. AUSA Dominguez was the prosecutor. The Controlled Substances Act conspiracy related to Mannava filling prescriptions that he knew had been forged. The health care fraud conspiracy related to the same scheme that was charged against Annappareddy.

After pleading guilty, Mannava agreed to cooperate with the U.S. Attorney's Office for the District of Maryland in its investigation into Annappareddy. This included testifying at Annappareddy's criminal trial.

Relevant here, Annappareddy avers that Mannava committed perjury while testifying at Annappareddy's trial, but more importantly fabricated allegations ultimately used in support of the Lating Affidavit. Based on AUSA Dominguez's interactions with, and prosecution of, Mannava, Annappareddy avers that Dominguez has personal knowledge of statements by Mannava which are relevant to this litigation.

## II.     LEGAL STANDARD

Parties to a civil litigation may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 26(b) and 30(a) allow a party to depose any person who has information relevant to any party's claims or defenses. However, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## III.    ANALYSIS

The crux of the Government's argument is that AUSA Dominguez's deposition subpoena should be quashed because any information he has is not relevant to Plaintiff's claims and further he should be protected from providing deposition testimony because he is an attorney for the Government—a party to this action.

The Federal Rules of Civil Procedure do not prevent the deposition of another party's lawyer, so long as the deposition seeks relevant, nonprivileged information. *See* Fed.R.Civ.P. 26(b)(3) and 30(a). "Nevertheless, courts view skeptically efforts to depose an opposing party's attorney, especially when the subject matter of the deposition may be intertwined with potentially privileged information, and such depositions are typically permitted only when the information sought is not available from another source." *Carr v. Double T Diner*, 272 F.R.D. 431, 435 (D. Md. 2010).

Although not formally recognized by the Fourth Circuit, a majority of district courts employ a heightened standard when one party seeks to depose an opposing party's trial

counsel. *Tech. Pats. LLC v. Deutsche Telekom AG*, No. CV AW-07-3012, 2010 WL 11556702, at *2 (D. Md. Mar. 29, 2010)(citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986)). This so called "*Shelton* standard" requires that the party seeking the deposition must show the following: (1) no other means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d. at 1327 (internal citations omitted).

The Government implores the Court to utilize the *Shelton* standard here based on its averment that AUSA Dominguez should be considered an attorney for the Government in this action. However, Plaintiff counters that AUSA Dominguez is not an attorney for the Government and therefore this heightened standard is not applicable.

The Court agrees that the *Shelton* standard is not applicable here. AUSA Dominguez was not a prosecutor in Annappareddy's criminal trial, is not a defendant in the instant civil action, and is not an attorney of record for the Government in this action. Moreover, Dominguez was employed as an Assistant U.S. Attorney in the U.S. Attorney's Office for the District of Columbia. Conversely, Annappareddy was prosecuted by the Maryland division. To be sure, Dominguez participated in the prosecution of Mannava, who was related to Annappareddy's criminal prosecution. However, to label Dominguez as an attorney for the Government in this action would push this heightened discovery hurdle past its intended purpose.

The *Shelton* standard is utilized to prevent the deposition of counsel for a party in the instant litigation or who represented a party in the instant litigation in a substantially

4

related matter. *Allen v. TV One, LLC*, No. CV DKC 15-1960, 2016 WL 7157420, at *2 n.3 (D. Md. Dec. 8, 2016)(" "The Eighth Circuit has clarified that *Shelton* was intend[ed] to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy."); *see also Tech. Pats. LLC v. Deutsche Telekom AG,* No. CV AW-07-3012, 2010 WL 11556702, at *1 (D. Md. Mar. 29, 2010)("Deposing <u>trial counsel</u> is unusual, and thus it requires meeting a heightened standard.")(emphasis added); *Cincinnati Ins. Co. v. Fish*, No. CV RDB-19-3355, 2021 WL 1658469 (D. Md. Apr. 27, 2021)("Contrary to defendant's position, this activity clearly was performed by Mr. Reverski in his capacity as counsel for Cincinnati in the dispute that is the subject of this case."); *but see*, *Carr v. Double T Diner*, 272 F.R.D. 431, 435 (D. Md. 2010)("Yet, where, as here, the attorney is a fact witness, his or her deposition may be both necessary and appropriate.")(internal quotation omitted).

Here, Dominguez does not qualify as counsel for the Government because he was not an attorney who participated in the criminal case against Annappareddy, nor is he involved in the instant civil action. Accordingly, the *Shelton* standard is not applicable.

Annappareddy further avers that Dominguez's testimony is relevant because the Lating Affidavit, which references Mannava, is part of the Amended Complaint. Accordingly, Plaintiff should be allowed to explore what information Mannava provided to investigators prior to creation of the Lating Affidavit. The Court agrees that Dominguez's knowledge of Mannava's contested statements falls within Rule 26's broad scope of discoverable information. Accordingly, Plaintiff is allowed to proceed with AUSA Dominguez's deposition.

IT IS SO ORDERED.

July 27, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge