IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REDDY VIJAY ANNAPPAREDDY,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 1:18-cv-03012 (JFA) |
| v. | * | |
| | * | |
| **MAURA LATING, et. al.,** | * | |
| | * | |
| Defendants. | * | |
| | ****** | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME FOR DEFENDANTS' EXPERT DISCLOSURES

Plaintiff bases his opposition to Defendants' motion to extend their expert discovery deadline only on "Defendants' tardiness and lack of diligence." ECF 227 at 2. The motion should be granted because the good cause standard is not nearly as demanding as Plaintiff suggests, and Defendants have satisfied that standard. Additionally, Plaintiff's failure to show prejudice further militates in favor of granting the motion.

**A.  Good cause exists because Defendant requested additional documents within a reasonable amount of time after receiving Plaintiff's expert disclosures.**

First, the good cause standard does not require extraordinary diligence; rather, good cause exists where a party demonstrates reasonable prudence. *XL Ins. Am. Inc. v. Kalkreuth Roofing & Sheet Metal, Inc.*, No. 17-cv-384, 2018 WL 3833421, at *11 (D. Md. Aug. 10, 2018). Excusable neglect or mistake is one category of good cause. *Heron v. Strader*, 361 Md. 258 (Ct. App. Md. 2000). "Good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014). Courts considering whether good cause exists consider if the change would "prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *Id.* (internal quotations

1

omitted) (considering a motion for leave to amend) (cited in *Hawkins v. Barakat*, No 20-cv-1386, 2021 WL 1294111, at *3 (D. Md. Apr. 7, 2021)).

The good cause standard is not demanding. Good cause has been found where a motion contains "only the briefest of statements of the facts supporting good cause." *Smith v. Palin*, 12-cv-1776, 2012 WL 3985131 (D. Md. Sept. 11, 2012) (finding Maryland's Health Care Alternative Dispute Resolution Office did not abuse its discretion in granting a motion to extend time for good cause shown where the motion alleged only that the claimant had not yet received all relevant documents).

Here, despite good-faith efforts, the Court's deadlines could not be met. Plaintiffs failed to identify or produce the documents reviewed by their expert witnesses with their timely discovery responses. Instead, after prodding from opposing counsel, Plaintiffs provided over 4000 pages of material purportedly reviewed by his experts on the Defendants only one week before the deadline by which the Defendants were required to designate experts. . Upon review and discussion with possible defense experts, it was determined that additional time was needed to review the documents to properly assess the Plaintiff's expert reports. Accordingly, Defendant sought consent for an extension of that deadline, to which Plaintiff's counsel advised he would consent to no extension of the deadline regardless of the requested length.

Although Defendants requested additional time on the day of their deadline, the timing of Defendants' request relative to the Court's scheduling order is not dispositive. *Hawkins*, 2021 WL 1294111, at *3 (allowing late expert disclosure despite the fact that "a court's scheduling order is not a frivolous piece of paper" (internal quotations omitted). Indeed, Plaintiff himself tardily filed his expert disclosures with the Court after misreading the Court's scheduling order. ECF 226.

B. **The lack of prejudice to Plaintiff and the importance of the purported testimony further establishes good cause.**

Second, Plaintiff does not argue that he is prejudiced by the proposed extension – save for one sentence suggesting he would have less time to designate rebuttal experts if he chose to do so – nor could he reasonably make such an argument. As noted in Defendants' original motion, the parties' deadline for completing expert discovery is October 17, 2022, nearly one month after Defendants' proposed extended deadline. ECF 222 at 1. Moreover, no trial date has been set, so an extension of the expert discovery deadline by an additional month, if Plaintiff required, would still not prejudice Plaintiff's case.

In similar cases, courts in Maryland have permitted an extension of time. In *Hawkins v. Barakat*, Judge Hollander allowed an extension of time and modified a scheduling order despite a belated disclosure and lack of diligence by the requesting party because the delay was harmless in light of the fact that "[t]here is no trial date set, and this case is unlikely to go to trial this year." 2021 WL 1294111, at *3. There, Judge Hollander also considered the importance of the proposed expert testimony in allowing the extension. *Id.* at *4 ("The finder of fact should have the benefit of the treating physicians' testimony when considering the nature and cause of the infant's injuries and death.").

Such is the case here. Expert discovery does not close until October 17, 2022. A trial date has not been set. The scheduling order has been modified repeatedly at Plaintiff's request. If Plaintiff requires additional time to make rebuttal expert disclosures, the remedy is extending the expert disclosure deadline and dispositive motion deadline, not by disallowing important expert testimony. *See Hawkins*, 2021 WL 1294111, at *4.

WHEREFORE, Defendants respectfully request the Court GRANT their motion and EXTEND their Rule 26(a)(2) disclosure deadline to September 20, 2022.

Respectfully submitted,

| | |
|---|---|
| EREK L. BARRON<br>United States Attorney | BRIAN E. FROSH<br>Attorney General of Maryland |
| /s/<br>Molissa H. Farber, No. 8022255<br>Matthew P. Phelps, No. 17933<br>Assistant U.S. Attorneys<br>U.S. Attorney's Office, District of Maryland<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201<br>(410) 209-4800 | /s/<br>Wendy L. Shiff, No. 09076<br>Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, MD 21202<br>(410) 576-6996<br><br>*Counsel for Defendant Pam Arnold* |
| Lawrence Eiser<br>Senior Trial Counsel<br>United States Department of Justice<br><br>*Counsel for Defendant the United States of America* | |

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2022, I filed a copy of this motion with the Court's CM/ECF system, which automatically transmitted a copy to all registered parties.

/s

Molissa H. Farber, Assistant U.S. Attorney