IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| REDDY VIJAY ANNAPPAREDDY,<br><br>Plaintiff,<br><br>v.<br><br>MAURA LATING, *et. al.*,<br><br>Defendants | Case No. 1:18-cv-03012-JFA |

**PLAINTIFF REDDY VIJAY ANNAPPAREDDY'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Plaintiff Reddy Vijay Annappareddy respectfully requests leave to file the sur-reply in opposition to the U.S.'s Second MTD/MSJ that is attached as Exhibit A to this motion (the "Sur-Reply"). Leave to file the Sur-Reply is warranted because the U.S.'s reply in support of its Second MTD/MSJ makes new arguments on three topics.[1]

*First*, the U.S.'s reply newly argues that (a) Fourth Amendment principles do not apply to the probable cause element of the malicious prosecution claims based on the Lating Affidavit, (b) this Court should consider information *outside* the Affidavit in evaluating that element, and (c) the Court should reverse its ruling in October 2019 that Fourth Circuit precedents preclude it from doing so. (*See* ECF No. 262 ("U.S. Reply") at 2-4 & n.2.) The U.S.'s opening brief made none of these arguments. Instead, it ignored that ruling and conceded the *Franks* test for culpability applies to whether probable cause existed when the criminal proceedings at issue were initiated: "To

---

[1] Terms defined in Annappareddy's oppositions to the U.S.'s Second MTD/MSJ and to Arnold's MSJ (ECF Nos. 254 & 255) have the same meanings herein.

1

challenge probable cause, a plaintiff must create a genuine dispute of material fact regarding 'deliberate falsehood or of reckless disregard for the truth.'" (U.S. Mem. at 39 (quoting *Franks v. Delaware,* 438 U.S. 154, 171 (1978)). The U.S.'s new arguments urging the Court to consider "evidence" *not* "cited in the Lating Affidavit" – and to disregard the Fourth Circuit's holdings that forbid doing so in *United States v. Lull*, 824 F.3d 109, 119 n.3 (4th Cir. 2016), and *Owens ex rel. Owens v. Lott*, 372 F.3d 267, 277 (4th Cir. 2004) – raise important issues that Annappareddy should be allowed an opportunity to address. This is especially so given that these new arguments are erroneous, as the Sur-Reply's discussion of the case law demonstrates. *E.g.*, *DiPino v. Davis*, 729 A.2d 354, 361-67 (Md. 1999) (conducting one probable cause analysis for Fourth Amendment claim under Section 1983 and malicious prosecution claim under Maryland common law); *Martin v. Conner*, 882 F. Supp. 2d 820, 842-46 (D. Md. 2012) (applying *Franks* test and conducting one probable cause analysis for same two types of claims where plaintiff alleged warrant application contained misrepresentations and omissions).

*Second*, the U.S.'s reply newly disputes that the search warrants issued based on the Lating Affidavit caused the destruction of Pharmacare, asserting for the first time that each of three later stages of the criminal proceedings would have had the same result. (U.S. Reply at 4-5.) These new arguments regarding causation raise additional important issues. The destruction of Pharmacare, a thriving and expanding retail and specialty pharmacy business that the U.S.'s damages expert values at over $11 million (a vast undercount), is by far the largest category of damages that Annappareddy is entitled to recover under the FTCA. Denying him a chance to address the U.S.'s new arguments regarding causation would be particularly unfair because these new arguments inaccurately describe both the facts and the law. As examples, the U.S. omits the *facts* that the only grand jury testimony it produced for the original Indictment essentially consists of Mosley reading

2

and paraphrasing the Affidavit to the grand jury – rendering that Indictment materially false for the same reasons as the Affidavit. (Ex. A, Sur-Reply at 10 & Ex. 2.) The U.S. also misstates the *law* in the Fourth Circuit, which has held that, "[n]otwithstanding the conclusive effect of [an] indictment[ ]" that was obtained properly, "'a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information that influenced the decision.'" *Massey v. Ojaniit*, 759 F.3d 343, 356-57 (4th Cir. 2014) (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)).

*Third*, and finally, the U.S. makes new arguments about the trial testimony: It denies that its opening brief cites inadmissible hearsay on that topic, attempts to evade its burden of showing that the trial witnesses on whose testimony it relies are unavailable, and suggests it is unaware of the *Brady* and *Giglio* violations in question. (*See* U.S. Reply at 26.) With limited exceptions, the U.S.'s opening brief hardly attached or even discussed any of the trial testimony; instead, it referred to *a brief* it filed *in October 2015* that purportedly "summarized" the evidence presented at trial. (*See* U.S. Mem. at 23.) A brief that the U.S. filed is plainly inadmissible hearsay and the fact that the brief was drafted by the prosecutors many months after the trial ended belies its notion that the so-called "summar[y]" reflects *any* "investigator's assessment of probable cause." (U.S. Reply at 26.) Moreover, because its opening brief barely mentions the trial testimony, Annappareddy had no reason to address that topic more fully before the U.S. filed its reply. Annappareddy should be afforded an opportunity to briefly do so now so the U.S.'s new arguments do not go unanswered.

In the District of Maryland, judges have "discretion under Local Rule 105.2(a)" to grant a motion for leave to file a sur-reply, *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Insurance Ltd.*, No. GJH-19-1510, 2021 WL 2550505 (D. Md. June 21, 2021), and in many cases have done so where, as here, a reply makes new arguments. The following are some recent examples:

- *Id.* at *3 (granting defendants' motion for leave to file sur-reply because "the proposed sur-reply [wa]s the[ir] first opportunity to address" a "new legal theory" that plaintiff "presented for the first time in its reply").

- *Monterey Mushrooms, Inc. v. HealthCare Strategies, Inc.*, No. CV CCB-20-3061, 2021 WL 1909592 (D. Md. May 12, 2021) (granting plaintiff's motion for leave to file a sur-reply because defendant "raised a new legal argument in its reply." *Id.* at *1 n.1.

- *Chaten v. Marketsmart LLC*, No. CV PX-19-1165, 2020 WL 4726631, at *2 n.1 (D. Md. Aug. 14, 2020) (granting leave to file sur-reply both because it "directly addresses issues raised" in adversary's filing after opposition and because it "'provides argument and discussion that is relevant and will aid the Court in reaching a decision'") (quoting *Sherrill v. Mayor and City Council of Baltimore*, 31 F. Supp. 3d 750, 770 (D. Md. 2014)), *report & rec. adopted*, 2020 WL 13569350 (D. Md. Sept. 17, 2020).

- *Mod. Remodeling, Inc. v. Tripod Holdings, LLC*, No. CCB-19-1397, 2020 WL 1984338, at *1 n.2 (D. Md. Jan. 31, 2020) (accepting sur-reply as filed after the movant insisted that reply contained "several misstatements/omissions").

Cases such as those above illustrate that judges in this District grant leave to file a sur-reply where a reply makes a single new argument or raises one new legal theory – and sometimes just because a sur-reply provides relevant argument and discussion that will assist the Court in reaching a decision. Here, the U.S.'s reply makes a number of new arguments that raise important new issues on three topics. These circumstances amply establish a need for Annappareddy to file the Sur-Reply. The Court should exercise its discretion to allow him to do so.

For the foregoing reasons, the Court should grant this motion and enter the accompanying proposed order granting Annappareddy leave to file the Sur-Reply.

January 20, 2023                                         Respectfully submitted,

                                                         /s/ Joshua D. Greenberg
Stuart M. Paynter (*pro hac vice*)                       Joshua D. Greenberg (Bar No. 18168)
Jennifer M. Murray (*pro hac vice*)                      The Josh Greenberg Law Firm
The Paynter Law Firm PLLC                                1717 K Street, NW, Suite 900
1200 G Street NW, Suite 800                              Washington, DC  20006
Washington, DC  20005                                    (202) 422-0809
(202) 626-4486                                           Email:  josh@joshgreenberglawfirm.com
stuart@paynterlaw.com
jmurray@paynterlaw.com

Sara Willingham (*pro hac vice*)
The Paynter Law Firm PLLC
106 S. Churton Street, Suite 200
Hillsborough, NC  27278
(919) 307-9991
swillingham@paynterlaw.com

*Attorneys for Plaintiff Reddy Vijay Annappareddy*


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2023, a true and accurate copy of the foregoing document and any attachments thereto was served via email on all counsel of record.


                                                         /s/ Joshua D. Greenberg
                                                         Joshua D. Greenberg