## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| Reddy Vijay Annappareddy,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Maura Lating, *et al.*,<br>　　　　　　　　　Defendants. | C/A No. 1:18-cv-03012-JFA<br><br><br>**ORDER** |

Having adjudicated the parties' summary judgment motions and in advance of trial, the court finds it prudent to conduct a status conference with all counsel of record to discuss various pretrial matters.

To that end, the court will conduct a telephone status conference on <u>Monday, March 27, 2023, at 10:00 am.</u> Call-in instructions will be circulated via email.

During this status conference, the court will address the following topics:

1. The Government's motion to bifurcate (ECF No. 279) and the prudence of separate trials (bench trial as to the Government and jury trial as to Pam Arnold) compared to a combined jury trial with an advisory jury. Plaintiff and Arnold are ordered to file a response, if any, to the Government's motion at ECF No. 279 no later than 1:00 pm Friday, March 24, 2023.

2. The time necessary to present each party's case in chief and the need for time limitations. See Maryland Local Rule 107(8).

3. The anticipation of any motions or proceedings which may affect the trial dates (i.e., motions to reconsider or interlocutory appeals).

1

4. The bifurcation of any trial between liability and damages phases.

5. Trail scheduling in general (e.g., start time, stop time, breaks, etc.).

6. Possible duplication or overlap as to the remaining Claims against defendant Pam Arnold.

7. Anticipated number of witnesses and number of exhibits.

8. Stipulations of fact to be submitted prior to trial.

9. Marking and exchanging exhibits (e.g., no gaps in exhibit numbering, consecutive numbering with no subparts, no renumbering, no duplication, use of a "Joint Exhibit List").

10. Judge Anderson's "Rules of the Road" (attached).

11. Admissibility and relevance of the Department of Justice's Office of Professional Responsibility investigation and report at trial.

12. Admissibility and relevance of evidence acquired after the presentation of the Lating Affidavit to the federal magistrate judge to Plaintiff's remaining causes of action.

13. Assuming, without deciding, that the court will proceed with a jury trial on May 31, 2023, as previously discussed, the court would like to discuss the following jury related matters:

    - Instructions to the jury as to why Annappareddy was not convicted or otherwise explaining the element requiring termination of the criminal proceedings in favor of the plaintiff.

    - Proposed jury instructions on Maryland Malicious Prosecution and Maryland Constitutional claims.

14. Pretrial Scheduling:

    - Pretrial deadlines as currently proposed by the parties:

        o  Exchange of witness and exhibit lists for each party's case-in-chief: April 17, 2023.
        o  Motions in limine: April 24, 2013. Oppositions: May 5, 2023. Replies: May 12, 2023.
        o  Proposed voir dire: May 1, 2023.
        o  Proposed jury instructions: May 1, 2023. Objections: May 14, 2023.
        o  Proposed verdict forms: May 1, 2023. Objections: May 14, 2023

    - Additional pretrial deadlines:

        o  Pretrial order pursuant to Local Rule 106: May 10, 2023
        o  Final pretrial conference: May 17, 2023, at 9:30.

15. The parties may submit additional matters they feel warrant discussion by filing a letter no later than 1:00 pm Friday, March 24, 2023.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 16, 2023                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

# JUDGE ANDERSON'S RULES REGARDING THE CONDUCT OF TRIALS

1. You do not need to request permission to approach a witness.

2. Pursuant to local rule, the witness is excused from subpoena when he or she steps down from the witness stand. You do not need to request that the witness be excused. If, however, you want the witness to <u>remain</u> for possible recall, you must so request when the witness steps down.

3. One lawyer per issue (including handling objections).

4. Direct; Cross; Redirect. Redirect is limited to responding to **new matter** brought out on cross. The fact that your opponent touched on a subject on cross does not mean that you may go into it on redirect if you also touched on the subject matter on direct. In that case, it's not "new matter."

> Example: In an intersection collision case, P calls W, who testifies on direct examination that he was at the intersection at the time of the collision and that he saw D run the red light. In doing so, he describes the weather conditions and the circumstances under which he observed the accident. On cross, D asks whether it is not true that (1) W was not wearing his glasses at the time; and (2) whether, two days after the accident, W told the bartender at a local bar that it was P who ran the red light. On redirect, it would be proper for P's attorney to go into the fact that W used his glasses for reading only and the fact that he was drunk when he talked to the bartender, because those questions are proper rebuttal to new matter brought out on cross. P's attorney may not, however, once again go into matters such as the circumstances under which W saw the accident and weather conditions. Those were brought out on direct and do not constitute "new matter."

For authority to so limit the scope of redirect examination, see Fed. R. Evid. 611(a) and (b); Weinstein's Federal Evidence, § 611.03[5]; John H. Wigmore, Evidence in Trials at Common Law, § 1896.

Quite apart from the text of the Rules, good trial advocacy should not involve undue repetition. I make it a point to submit a one page juror questionnaire to civil and criminal juries at the conclusion of the trial. Feedback from jurors overwhelmingly indicates that most cases are "over-tried." Here are some actual responses from jurors:

- "Do not keep repeating and going over the same question, even though they may ask it in a different way."

- "It was frustrating to me as a juror to have the attorney ask the same questions repeatedly hoping he/she would get a different answer."

- "Try not to be so repetitive."

# JUDGE ANDERSON'S RULES REGARDING
# THE CONDUCT OF TRIALS

- "Do not ask witness same questions as previous or as other lawyer."

- "Stop repeating things over and over again. Both of them asked the same questions back to back which got boring."

- "I feel that when you keep repeating statements over and over, it gets old. More than three times is excessive."

- "Do not be so repetitious!"

Responses such as those quoted above are found in roughly two-thirds of the juror questionnaires I have collected. The questionnaires are available for review in my office if anyone wishes to see them.

5. Have plenty of witnesses each day.

6. Insofar as possible, take up sidebar–type matters during the break or over lunch.

7. If witnesses are sequestered, attorneys must help enforce the rule. If you ask for witnesses to be allowed to remain in the courtroom after they testify, you do so at your own peril. If they remain here, then the witnesses may not be recalled absent exceptional circumstances.

8. When objecting, state basis for objection; and if it relates to a seldom-used rule, cite the rule.

    Examples: Object—leading; Object—hearsay; Object—the witness lacks personal knowledge of what happened and the testimony is therefore inadmissible under Rule 602.

    Seat–of–the–pants arguments like "Judge, **I think** I should be able to go into this" are not persuasive. I must apply the Rules of Evidence. What you "think" is not the standard for admissibility. Similarly, arguments such as "Judge, this just isn't fair" are of little value. Cite the Rules of Evidence.

9. When numbering exhibits, simply use sequential whole numbers without sub-grouping them. In other words, the exhibits should be numbered 1, 2, 3, 4 . . . 20, 21, 22, etc., *NOT* 1.A, 1.B, 1.C, etc. Experience has shown that sub-grouping causes confusion at trial and on appeal. Do not do this.