IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REDDY VIJAY ANNAPPAREDDY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:18-cv-03012 |
| MAURA LATING, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THE UNITED STATES OF AMERICA'S
<u>RESPONSE TO THE COURT'S ORDER ECF NO. 285</u>**

The United States submits this Response to the Court's Order, ECF No. 285, to state its position as to certain issues posed by the Court. The numbering below corresponds to the numbers in the Court's Order.

1. As stated in its Motion, the United States recommends that the Court conduct separate trials against the United States and Defendant Arnold.

2. The United States estimates that its case-in-chief could last as long as 5 days. This assumes that the United States will perform its examination of any common witnesses during Plaintiff's case-in-chief. If the Court grants the United States' Motion to Bifurcate and the trial becomes a bench trial, then the United States could likely present is case-in-chief in less than five days. The United States' recommendation as to time limitations was included in its Motion to Bifurcate. If the Court grants the Motion to Bifurcate, then the United States recommends that the Plaintiff conclude his case-in-chief on June 9th and that trial conclude on June 16th. If the Court proceeds with an

1

advisory jury, then the United States recommends that the Plaintiff conclude his case-in-chief by June16th and that trial conclude on June 23rd.

3. The United States expects to file a Motion for Reconsideration but the United States is not seeking a postponement of the trial because of its motion for reconsideration. The motion will be targeted and brief. The United States does not expect to seek an interlocutory appeal.

4. The United States is not asking to bifurcate the liability and damages portion of the trial.

5. The United States recommends that the trial be conducted from Monday through Friday, from 9:00 am to 5:00 pm, with a one-hour lunch break and a brief morning and afternoon break.

6. Pamela Arnold played a limited role in the investigation as compared to her colleagues. Most of the key pre-indictment witness interviews and investigation were conducted by Laurie Gutberlet. The federal government later took the lead in the investigation once there was a federal criminal investigation. The United States expects that the inquiry as to Defendant Arnold is much narrower than the inquiry in the actions of the three federal agents.

7. Assuming that Plaintiff calls all of the witnesses that he deposed, the United States estimates it may call 10 additional witnesses in its case-in-chief. The United States expects the direct examination of these witnesses to last 30 minutes or less. The United States expects to have 100 to 200 exhibits, although many of these exhibits will likely overlap with the Plaintiff's exhibit list.

8. The United States will consider potential factual stipulations for trial, but United States has not made any requests for stipulations from other counsel at this time.

9. n/a

10. n/a

11. The Office of Professional Responsibility ("OPR") Report is admissible under Rule 803(8) as a public record that contains factual findings from a legally authorized investigation. Federal courts have used Rule 803(8) to admit similar reports prepared by DOJ and its Office of Professional Responsibility. *See Shepherd v. Dallas Cty.,* 591 F.3d 445, 456–457 (5th Cir. 2009); *Velikonja v. Mueller*, 315 F. Supp. 2d 66, 78 n. 8 (D.D.C. 2004). At the summary judgment hearing, the Court expressed concern about the self-serving nature of such reports. The United States does not believe the report to be self-serving based on the conclusions in the report (there are adverse findings) and the thorough process that is evident in the report. But any concerns the Court may have about the nature of the report go to the weight and not the admissibility. The United States would obviously consider the Court's view if this case was purely a bench trial; however, if the case is tried with an advisory jury, the United States should be permitted to tell the jury that OPR conducted a months-long investigation, gathered hundreds of exhibits, took hours of testimony, and issued a 160-page report where it found that the Government's errors on the damage calculation were not the result of any intentional wrongdoing by Agent Mosley or anyone else.

12. Post-indictment evidence is relevant for at least four reasons: (1) Post-indictment evidence is relevant to causation. If the Government ultimately accumulated enough evidence to prosecute Plaintiff, then the search warrant did not cause the loss of his

business; (2) Post-indictment evidence will be used to impeach the Plaintiff. The Plaintiff is expected to testify that he is innocent, despite significant evidence to the contrary, including evidence obtained after the indictment; (3) Post-indictment evidence is relevant to the course of conduct of the agents involved. The agents' mental state throughout the investigation informs the malice inquiry. There is no evidence that their mental state changed the day the indictment was issued; (4) Post-indictment evidence is relevant to support the credibility of the eye-witnesses. For example, Plaintiff is expected to attack the credibility of witnesses including Lisa Ridolfi. The United State should be permitted to rebut these attacks with post-indictment evidence that shows that Ridolfi's allegation that Pharmacare was not reversing the billing for undelivered prescriptions was corroborated by other witnesses and evidence.

13. Jury related matters:[1]

    a. The United States does not dispute the criminal matter terminated in Plaintiff's favor, although the United States expects that evidence to be elicited at trial without the need for an instruction. The United States will stipulate that Plaintiff met the termination element of his malicious prosecution claim.

    b. The Maryland State Bar Association publishes Maryland Civil Pattern Jury Instructions and the United States proposes that the Court use those instructions for the substantive counts.

14. Assuming that the Court denies the relief sought by the United States, the United States does not have an objection to the Court's proposed schedule.

---

[1] The United States maintains its objection to the use of an advisory jury for the reasons stated in its Motion to Bifurcate. Difficult questions about how to instruct the jury would not be an issue at a purely bench trial.

15. Plaintiff has asked the Court to consider his Motion in Limine, ECF No. 286. Plaintiff's Motion seeks to prevent the United States from putting on any defense. The United States is asking the Court to deny the Motion without further briefing.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

        /s/Matthew Phelps
        Matthew P. Phelps, No. 17933
        Molissa H. Farber, No. 802255
        Assistant U.S. Attorneys
        U.S. Attorney's Office
        District of Maryland
        36 S. Charles Street, 4th Floor
        Baltimore, MD 21201
        (410) 209-4800

        BRIAN BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        JAMES G. TOUHEY, JR.
        Director, Torts Branch
        Civil Division

        /s/ Lawrence Eiser
        LAWRENCE EISER
        D.C. Bar No. 424909
        Senior Trial Counsel
        U.S. Department of Justice
        Civil Division, Torts Branch
        P.O. Box 888, Benjamin Franklin Station
        Washington, DC 20044
        Telephone: (202) 616-4260
        Email: Larry.Eiser@usdoj.gov

        Counsel for the United States of America