## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| Reddy Vijay Annappareddy, | C/A No. 1:18-cv-03012-JFA |
| Plaintiff, | |
| vs. | ORDER |
| Maura Lating, *et al.*, | |
| Defendants. | |

This case is currently before the court on the Government's motion in limine to allow presentation of a formal report prepared by the Office of Professional Responsibility ("OPR").  (ECF No. 303). This motion has been fully briefed and argued before the court. Thus, it is ripe for review.[1]

In short, the Government requests that the OPR report be found relevant and admissible. The OPR began its investigation shortly after the conclusion of Annappraeddy's criminal charges were dismissed with prejudice. As outlined in the report, OPR specifically investigated claims that:

(1) Wilkinson allegedly destroyed documents after the trial in violation of the government's due process obligations and the Department's and statutory document retention policies;

(2) Lating allegedly testified falsely during the trial in violation of her obligation of candor;

---

[1] All other motions in limine were adjudicated during the pretrial conference. The court held this motion under advisement pending further review of the report.

(3) Wilkinson and Pascale allegedly changed auditors and purposefully used unreliable data to increase the amount of loss purportedly resulting from the charged fraud scheme; and

(4) Wilkinson and Pascale failed to disclose various documents to [Annappareddy] before trial in violation of the government's discovery obligations.

(ECF No. 303-2, p. 8).

OPR ultimately concluded that:

After a long and difficult trial, the government successfully convicted the defendant of leading a significant health care fraud scheme that purportedly resulted in millions of dollars in losses to government insurance programs and private insurance companies. However, during the post-conviction litigation, the defendant uncovered numerous problems with the evidence presented to the jury during the trial, including double counting claims data and inaccurate testimony by the case agent regarding records associated with the defendant's cell phone. The defendant successfully argued that those issues, along with the government's suppression and destruction of purportedly exculpatory information, warranted the dismissal of the indictment with prejudice. OPR's investigation revealed no evidence establishing that AUSA Sandra Wilkinson, Special AUSA Catherine Pascale, or FBI SA Maura Lating acted for the purpose of harming the [Annappareddy's] case. Other than Wilkinson's decision to destroy four boxes of Pharmacare documents prior to the conclusion of the defendant's appeal, OPR's investigation shows that the errors were generally the results of mistakes, misunderstandings, and poor communication by and among the members of the prosecution team.

(ECF No. 303-2, p. 159).

The Government seeks to introduce this report under Federal Rule of Evidence 803(8)(A)(iii), which provides an exception to the rule against hearsay in civil cases for reports by public offices that set out "factual findings from a legally authorized investigation." These reports are admissible and presumptively reliable as long as "the

opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B).

Although the parties disagree as to whether this report fits within the hearsay exception at Rule 803(8), the more pressing concern is whether the report is relevant to the claims remaining in this action.

The issues left to be determined at trial include the probable cause and malice elements of the malicious prosecution claims in Counts 21 and 22 of the Amended Complaint. Consequently, the evidentiary focus has been narrowed to that information known to investigative agents prior to criminal indictment and trial. By its own terms, the OPR report focused on issues and allegations all stemming from improper conduct occurring during and after the criminal trial–months and years after the search warrant and criminal indictment. The Report does not discuss the Lating Affidavit. Thus, there is very little discussion as to those facts known to investigators only prior to the presentation of the affidavit to the magistrate judge. Plaintiff further asserts that OPR's finding of no intentional misconduct based on its review of events after July 23, 2013, is irrelevant to determining whether probable cause and malice existed as of that date.

The court is constrained to agree. After fully reading the 160-page report, the court concludes that it is irrelevant to finding probable cause or malice as to the Lating Affidavit. The factual accounts and summaries within the report are related to events occurring after the presentation of the affidavit to the magistrate judge. Further, the legal conclusions, such as they are, are not binding upon the court. Thus, the court sees no relevance of this report

at this time and therefore denies the Government's motion. Given this determination, the court declines to address the admissibility of the report via Rule 803(8).

IT IS SO ORDERED.

May 23, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge